IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAMUEL T HENRY, #01923319 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv117 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. The Magistrate Judge recommended the petition for writ of habeas corpus be dismissed with prejudice as time-barred. Petitioner filed objections.

Petitioner first objects because the Magistrate Judge found no merit in his claim of actual innocence based on newly-discovered evidence. Petitioner claims that when he received his trial transcripts in April, 2019, he discovered that the State withheld exculpatory evidence: specifically, that the complainant's pelvic exam indicated no injury to the female sexual organ. (Dkt. # 13, p.2). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Petitioner must support his allegation with new, reliable evidence that was not presented at trial, and he must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Evidence contained in a trial transcript does not constitute new evidence. *See Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (evidence does

not qualify as new if "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.").

Additionally, the lack of trial transcripts does not provide a basis for finding equitable tolling—especially, where as here, Petitioner was able to file a federal habeas petition without his trial transcripts. *See McDowell v. Davis*, 2019 WL 5088042 *2 (S.D. Tex. Sept. 9, 2019) (unpublished) ("However, the unavailability of or delay in receiving trial transcripts is not enough to entitle a habeas petitioner to equitable tolling.") (internal quotation and citation omitted). Furthermore, because there is no constitutional right to obtain free trial transcripts in order to file a habeas petition or any collateral appeals, Petitioner cannot maintain that the lack of trial transcripts constituted state action preventing him from filing a habeas petition. *See Deem v. Devasto*, 140 F. App'x 574, 575 (5th Cir. 2005) (unpublished); *see also Johnson v. Johnson*, 194 F.3d 1309, 1309 (5th Cir. 1999) (unpublished) ("Johnson's unsuccessful efforts to obtain his state records at no cost did not prevent him from filing either of his two habeas petitions or his federal habeas petition. Johnson has therefore failed to show that a state-created impediment prevented him from filing his habeas petition or that he is entitled to equitable tolling on this ground.").

Petitioner next argues that he had to first pursue his state court remedies prior to filing the instant petition. The Magistrate Judge found that Petitioner's state writ was pending for sixty-nine days; thus, the limitations deadline was extended sixty-nine days—from February 28, 2016, to May 7, 2016. Petitioner did not file his federal petition until February 12, 2020—three years, nine months, and five days beyond the extended deadline of May 7, 2016. Thus, because Petitioner has not shown that "he has been pursuing his rights diligently," he is not entitled to equitable tolling. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Finally, Petitioner argues that his counsel was ineffective because he failed to conduct a prompt

investigation. "Ineffective-assistance-of-trial-counsel claims generally do not present the type of extraordinary circumstances required for equitable tolling." *Rodriguez v. Stephens,* EP-15-CV-80-KC, 2015 WL 5824892, at *4 (W.D. Tex. Oct. 5, 2015). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir.1999) (*citing Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999)). Petitioner has not met his burden to show that he is entitled to equitable tolling.

Petitioner has not shown that he was actively mislead by the State, or that he was prevented is some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case. In sum, Petitioner fails to provide a valid basis for his objections, or demonstrate how the Magistrate Judge's Report is incorrect. After reviewing the Report and Recommendations and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 14th day of August, 2020.**

                                              AMOS L. MAZZANT
                                              UNITED STATES DISTRICT JUDGE